**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **SYNERGENX LEGACY HOLDINGS, LLC,** | § | **Case No. 26-90644** |
| *et al.,* [1] | § | |
| | § | **Joint Administration Requested** |
| **DEBTORS.** | § | |

---

### INTERIM ORDER GRANTING EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING PAYMENT OF ALL OR A PORTION OF THE PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS

Came on to be considered the Debtors' *Emergency Motion for Entry of Order Authorizing Payment of All or a Portion of the Prepetition Claims of Certain Critical Vendors* (the "Motion"[2]) [Dkt. No. __]. Based on the specific facts and circumstances of this case and for the reasons stated on the record, which are incorporated herein, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter an interim order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and after due deliberation thereon, there being found good and sufficient cause exists it is hereby **ORDERED** that:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/SynergenX. The location of Debtor SynergenX Legacy Holdings, LLC is 11445 Compaq Center Drive W., Ste 800, Houston, TX 77070.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

1.     The Motion is **GRANTED** on an interim basis to the extent specified in this Order.

2.     A "**Final Hearing**" on the Motion shall be held on **July ___, 2026, at ___ _.m., prevailing Central Time.** No later than June ___, 2026, any objections or responses to entry of a further interim or final order shall be filed with the Court and served on: (a) Debtors' proposed counsel, Law Offices of Frank J. Wright, PLLC, 1800 Valley View Lane, Suite 250 Farmers Branch, Texas 75234; (b) the Office of the United States Trustee for the Southern District of Texas (Houston Division), 515 Rusk Street, Suite 3516, Houston, TX 77002; (c) Counsel for the First Lien Lenders, LLC; (d) Counsel to the Subordinated Lenders; (e) counsel to any statutory committee appointed in this case; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. **If no objections to entry of the Final Order are filed and served, the Court may enter such Final Order without further notice or hearing.**

3.     The Debtors are authorized but not directed, in the Debtors' sole discretion, to (i) pay the critical vendors identified in **Exhibit "A"** hereto; in the ordinary course of business on a post-petition basis and that are due, consistent with prepetition practices, based on their sound business judgment.

4.     If a critical vendor that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with this Order, then the Debtors may declare such payments to have been unauthorized postpetition transfers under Bankruptcy Code section 549, and may take any and all appropriate steps to cause such critical vendor to repay payments made to it on account of this Order, or apply such payments as credits against any outstanding postpetition claim held by such critical vendor. Upon recovery of a payment made in respect to a critical vendor claim, such claim shall be reinstated as a claim in the amount so recovered, less the Debtors' reasonable costs of recovery.

5.      The banks and financial institutions on which checks were drawn in payment of prepetition amounts to the critical vendors are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that the Debtors have sufficient funds on deposit to cover such payments.

6.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

7.      Notwithstanding anything to the contrary in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors by the Cash Collateral Order, including, for the avoidance of doubt, the approved Budget. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Order and the terms of the Cash Collateral Order, the terms of the Cash Collateral Order will govern.

8.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order nor any actions taken pursuant to the relief granted herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Motion, or in this Order granting the relief requested by the Motion, or a finding that any particular claim is an

3

administrative expense claim or other priority claim; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an implication or admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

9. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date. On or before the date that is thirty (30) days from entry of this Order, the Debtors

shall provide a copy of such matrix/schedule to the U.S. Trustee, the Prepetition Secured Parties, and any statutory committee appointed in these Chapter 11 Cases.

10.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **SYNERGENX LEGACY HOLDINGS, LLC,** | § | Case No. 26-90644 |
| *et al.,* [1] | § | |
| | § | |
| | § | **Joint Administration Requested** |
| **DEBTORS.** | § | |

___

**INTERIM ORDER GRANTING EMERGENCY MOTION FOR ENTRY OF**
**ORDER AUTHORIZING PAYMENT OF ALL OR A PORTION**
<u>**OF THE PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS**</u>

Came on to be considered the Debtors' *Emergency Motion for Entry of Order Authorizing Payment of All or a Portion of the Prepetition Claims of Certain Critical Vendors* (the "<u>Motion</u>"[2]) [Dkt. No. ___]. Based on the specific facts and circumstances of this case and for the reasons stated on the record, which are incorporated herein, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter an interim order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and after due deliberation thereon, there being found good and sufficient cause exists it is hereby **ORDERED** that:

___

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/SynergenX. The location of Debtor SynergenX Legacy Holdings, LLC is 11445 Compaq Center Drive W., Ste 800, Houston, TX 77070.

[2]  Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

1.	The Motion is **GRANTED** on an interim basis to the extent specified in this Order.

2.	A "**Final Hearing**" on the Motion shall be held on **July ___, 2026, at ___ _.m., prevailing Central Time.** No later than June ___, 2026, any objections or responses to entry of a further interim or final order shall be filed with the Court and served on: (a) Debtors' proposed counsel, Law Offices of Frank J. Wright, PLLC, 1800 Valley View Lane, Suite 250 Farmers Branch, Texas 75234; (b) the Office of the United States Trustee for the Southern District of Texas (Houston Division), 515 Rusk Street, Suite 3516, Houston, TX 77002[Add Address]; (c) Counsel for the First Lien Lenders, LLC; (d) Counsel to the Subordinated Lenders; (e) counsel to any statutory committee appointed in this case; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. **If no objections to entry of the Final Order are filed and served, the Court may enter such Final Order without further notice or hearing.**

3.	The Debtors are authorized but not directed, in the Debtors' sole discretion, to (i) pay the critical vendors identified in **Exhibit "A"** hereto; in the ordinary course of business on a post-petition basis and that are due, consistent with prepetition practices, based on their sound business judgment.

4.	If a critical vendor that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with this Order, then the Debtors may declare such payments to have been unauthorized postpetition transfers under Bankruptcy Code section 549, and may take any and all appropriate steps to cause such critical vendor to repay payments made to it on account of this Order, or apply such payments as credits against any outstanding postpetition claim held by such critical vendor. Upon recovery of a payment made in respect to a critical vendor claim, such claim shall be reinstated as a claim in the amount so recovered, less the Debtors' reasonable costs of recovery.

5.      The banks and financial institutions on which checks were drawn in payment of prepetition amounts to the critical vendors are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that the Debtors have sufficient funds on deposit to cover such payments.

6.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

7.      Notwithstanding anything to the contrary in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors by the Cash Collateral Order, including, for the avoidance of doubt, the approved Budget. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Order and the terms of the Cash Collateral Order, the terms of the Cash Collateral Order will govern.

8.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order nor any actions taken pursuant to the relief granted herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Motion, or in this Order granting the relief requested by the Motion, or a finding that any particular claim is an

3

administrative expense claim or other priority claim; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an implication or admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

9.      The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date. On or before the date that is thirty (30) days from entry of this Order, the Debtors

shall provide a copy of such matrix/schedule to the U.S. Trustee, the Prepetition Secured Parties, and any statutory committee appointed in these Chapter 11 Cases.

9.10.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10.11.   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.12.   Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.13.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.